## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ANNALYSSIA GRAY**

      **Plaintiff,**

**v.**                             **CASE NO.:**

**C'S WAFFLES TITUSVILLE, LLC**
**and**
**MARCOT PLATINUM, LLC,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ANNALYSSIA GRAY (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant C'S WAFFLES TITUSVILLE, LLC and MARCOT PLATINUM, LLC (hereinafter "Defendant"), and states the following:

## NATURE OF CASE

1.    This is a claim by Plaintiff against her former employer for violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"). As a result, and for the violation of Plaintiff's rights to be free from sexual harassment as well as gender discrimination, and retaliation, Plaintiff

seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## PARTIES

2.     Plaintiff was hired by Defendants in or around October 2019.

3.     At the time of her termination in August 2020, Plaintiff worked for Defendant as a waitress.

4.     Defendants own, control, and operate a restaurant in the state of Florida including the location where Plaintiff was employed.

## JURISDICTION & VENUE

5.     Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§2000e-5(f)(3).

6.     This Court has supplemental jurisdiction over Plaintiff's state law claims.

7.     The acts and omissions giving rise to this action occurred in Titusville, Florida.

8.     Defendant conducts business in Titusville, Florida.

9.     Plaintiff was employed with Defendant in Titusville, Florida.

10.    Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

11.    This is an action at law raises a federal question under federal law.

12.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

13.    Venue is proper in because the illegal conduct occurred within the judicial district in and for this District.

## STATUTORY PREREQUISITES

14.    Plaintiff is a female individual who suffered sexual harassment, discrimination based on her gender and retaliation.

15.    Plaintiff is a member of a class of individuals protected by Title VII and the FCRA.

16.    Plaintiff was qualified for her position of employment as a waitress.

17.    The Defendant meets the statutory criteria for coverage as an "employer" under Title VII and the FCRA.

18.    Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

19.    Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 3, 2020.

20.     The EEOC issued a Notice of Right to Sue on March 2, 2022.

21.     Plaintiff brings this suit within ninety (90) days of receipt of her Notice of Right to Sue.

22.     Additionally, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

23.     Plaintiff has satisfied all administrative prerequisites to perfect her claim.

## FACTUAL ALLEGATIONS

24.     Plaintiff was hired by Defendants in October 2019 as a waitress.

25.     Plaintiff remained in that position until the end of her employment in or around on August 6, 2020.

26.     From the onset of Plaintiff's employment with the Companies, she was subjected to harassing comments by co-owner Joshua Cotelessi.

27.     Cotelessi made  lewd comments to Plaintiff about his sex life with his wife.

28.     Cotelessi also made lewd comments to Plaintiff about sexual acts he wanted to perform on Plaintiff.

29.     Additionally, Cotelessi repeatedly made comments about Plaintiff's physical appearance.

30.     Cotelessi   also suggested to Plaintiff   that he could promote Plaintiff to lead server and manager, presumably if Plaintiff acquiesced to his sexual advances.

31.     When Plaintiff inquired about being a lead server, her manager, Savannah Martin, advised Plaintiff there was no such position.

32.     As Cotelessi's conduct became more severe and pervasive, Plaintiff complained to Martin regarding Cotelessi's sexually harassing conduct.

33.     However, Martin failed to investigate Plaintiff's complaints.

34.     Indeed, Martin ignored Plaintiff's complaints and curiously only stated that Cotelessi "must have liked" Plaintiff.

35.     What's more, Martin also inexplicably stated that she thought Plaintiff liked Cotelessi as well.

36.     Plaintiff reiterated she had no interest in Cotelessi, and that she was very uncomfortable with the constant sexually harassing behavior.

37.     Plaintiff nonetheless requested that Martin instruct Cotelessi to stop his sexually harassing behavior.   Cotelessi's sexual harassment of Plaintiff never stopped.

38.     In or around May 2020, Plaintiff heard from other employees that Cotelessi and his wife, Becky Cotelessi, who was also a manager at the restaurant, were trying to think of ways to make Plaintiff quit.

39.     Plaintiff also overheard Cotelessi tell one of the cooks that he had gotten in trouble with his wife because of Plaintiff.

40.     Cotelessi and other employees then began acting rude towards Plaintiff.

41.     Plaintiff confronted Cotelessi about the fact that she felt she was being harassed and intimidated into leaving her job.

42.     Thereafter and despite changes in the restaurant's co-ownership, Plaintiff was removed from the schedule.

43.     Plaintiff's shifts were given to other servers.

44.     On or around August 6, 2020, Plaintiff was ultimately terminated by Martin, the manager to whom Plaintiff made her initial complaints.

45.     Plaintiff was terminated for allegedly arguing with another waitress.

46.     The other waitress was not terminated.

47.     Plaintiff had never received any type of write up or discipline for her performance prior to being terminated.

48.     Defendant's reason for termination was false and a pretext for discrimination and retaliation.

## COUNT I
## GENDER DISCRIMINATION IN VIOLATION TITLE VII

49.     Plaintiff realleges and adopts allegations contained in paragraphs 1-48, as though fully stated herein.

50.     Plaintiff is a member of a protected class because she is female.

51.     At all material times, Plaintiff was qualified to perform her job duties.

52.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her gender.

53.     Defendant did not subject the male employees to discriminatory treatment.

54.     Plaintiff suffered an adverse employment action when she was terminated.

55.     The discrimination to which Plaintiff was subjected was based on her gender.

56.     Defendant does not have a legitimate, non-discriminatory reason for discharging the Plaintiff.

57.     The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

58.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

59.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

60.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a.    judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b.    require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.    require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.    compensatory damages;

e.    judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.    judgment interest, and, if applicable, post-judgment interest;

8

g.     reasonable attorneys' fees and litigation expenses against Defendant; and

h.     any additional relief that this Court deems just.

## COUNT II
## GENDER DISCRIMINATION IN VIOLATION OF FCRA

61.    Plaintiffs realleges and adopts all allegations contained within paragraphs 1-48, as though fully stated herein.

62.    Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

63.    Defendant discriminated against Plaintiff based on her gender.

64.    Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

65.    Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

66.    At all material times, Plaintiff was qualified to perform her job duties.

67.    Defendant discriminated against Plaintiff because of her gender.

68.    Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

69.    The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate

result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## COUNT III
## SEXUAL HARASSMENT OF PLAINTIFF
## IN VIOLATION OF TITLE VII

70.      Plaintiff realleges and adopts all allegations contained within paragraphs 1-48, as though fully stated herein.

71.      Plaintiff was subjected to unwelcome, offensive, and harassing sexually discriminatory conduct during her employment with Defendant,

which was perpetuated upon her by Plaintiff's supervisors, and this conduct was based upon and directed at Plaintiff by reason of her gender.

72.     Plaintiff noticed Defendant, through its management, which was otherwise aware of the sexually harassing and discriminatory conduct, but Defendant failed to take any appropriate corrective actions.

73.     This sexually harassing and discriminatory conduct was sufficiently severe and pervasive as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive work environment.

74.     During the times referenced herein, Plaintiff was subject to constant sexually explicit commentaries.

75.     Plaintiff was a victim of retaliatory conduct on the part of Defendants. Moreover, this conduct was ongoing and pervasive and constituted a "continuing violation of Plaintiff's rights.

76.     During the course of her employment Plaintiff was forced work in a sexual discriminatory and hostile environment. Defendant's management was put on notice of the sexual harassment suffered by Plaintiff and failed to take immediate corrective action, all to Plaintiff's detriment.

77.     Defendant's management was aware of the hostile work environment and acquiesced in the environment.

78.     Defendant's actions were open and obvious.

79.   As a direct and proximate result of Defendant's harassing and hostile sexual environment, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering;

e.   Injunctive relief;

f.   Prejudgment interest;

g.   Costs and attorney's fees; and

h.   Such other relief as the Court may deem just and proper.

## COUNT IV
## SEXUAL HARASSMENT OF PLAINTIFF
## IN VIOLATION OF FCRA

80.   Plaintiff realleges and adopts all allegations contained within paragraphs 1-48, as though fully stated herein.

81.   Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

82.   Plaintiff was subjected to unwelcome, offensive, and harassing sexually discriminatory conduct during her employment with Defendant,

which was perpetuated upon her be Defendants and Plaintiff's supervisors, and this conduct was based upon and directed at Plaintiff by reason of her gender

83.     Plaintiff noticed Defendant, through its management, which was otherwise aware of the sexually harassing and discriminatory conduct, but Defendant failed to take any appropriate corrective actions.

84.     This sexually harassing and discriminatory conduct was sufficiently severe and pervasive as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive work environment.

85.     During the times referenced herein, Plaintiff was subject to constant sexually explicit commentaries.

86.     Plaintiff was a victim of retaliatory conduct on the part of Defendants. Moreover, this conduct was ongoing and pervasive and constituted a "continuing violation of Plaintiff's rights.

87.     During the course of her employment Plaintiff was forced work in a sexual discriminatory and hostile environment. Defendant's management was put on notice of the sexual harassment suffered by Plaintiff and failed to take immediate corrective action, all to Plaintiff's detriment.

88.     Defendant's management was aware of the hostile work environment and acquiesced in the environment.

89.   Defendant's actions were open and obvious.

90.   As a direct and proximate result of Defendant's harassing and hostile sexual environment, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering;

e.   Injunctive relief;

f.   Prejudgment interest;

g.   Costs and attorney's fees; and

h.   Such other relief as the Court may deem just and proper.

## COUNT V
## RETALIATION IN VIOLATION OF TITLE VII

91.   Plaintiff realleges and adopts allegations contained in paragraphs 1-48, as though fully stated herein.

92.   Plaintiff engaged in statutorily protected activity when she complained to Defendant regarding the discriminatory behavior and sexual harassment against her.

93.    Plaintiff suffered an adverse employment action when she was subjected to unfounded discipline and ultimately terminated.

94.    A causal connection exists between the protected activity and the adverse action.

95.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII because it treated Plaintiff less favorably because of her complaints of sexual harassment.

96.    Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

97.    The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

98.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

99.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

100.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff respectfully requests entry of:

a.    judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b.    require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.    require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.    compensatory damages;

e.    judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.    judgment interest, and, if applicable, post-judgment interest;

g.    reasonable attorneys' fees and litigation expenses against Defendant; and

h.    any additional relief that this Court deems just.

## COUNT VI
## RETALIATION IN VIOLATION OF FCRA

101.   Plaintiff reincorporates and adopts all allegations contained within 1-48, as though fully stated herein.

102.   Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

103.   At all material times, Plaintiff was qualified to perform her job duties.

104.   Defendant retaliated against Plaintiff because of her complaints about sexual harassment.

105.   Plaintiff engaged in a protected activity by making numerous complaints to Defendant regarding sexual harassment.

106.   Defendant engaged in unlawful employment practices prohibited by the FCRA by retaliating against Plaintiff as set forth above.

107.   The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits;

d.     Compensatory damages for emotional pain and suffering;

e.     Injunctive relief;

f.     Prejudgment interest;

g.     Costs and attorney's fees; and

h.     Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.


Dated this __26th__ day of _May_, 2022.

> Respectfully submitted,
> s/ Edward W. Wimp
> Edward W. Wimp, Esquire – LEAD COUNSEL
> FBN: 1015586
> Email: ewimp@theleachfirm.com
>
> Anthony Hall, Esquire
> FBN: 0040924
> Email: ahall@theleachfirm.com
>
> THE LEACH FIRM, P.A.
> 631 S. Orlando Ave., Suite 300

Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513

Attorneys for Plaintiff