UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANNALYSSIA GRAY,

     Plaintiff,

v.                                      Case No. 6:22-cv-941-RBD-RMN

C'S WAFFLES TITUSVILLE, LLC;
and MARCOT PLATINUM, LLC,

     Defendants.
_____

**ORDER**

     This cause is before the Court after it ordered Plaintiff to show cause for why this case should not be dismissed for failure to prosecute. (Doc. 28 ("OSC").) Plaintiff moved for an entry of default, which the Court denied for failure to show proper service; the Court directed Plaintiff to file an amended motion by March 15, 2023. (Docs. 23, 26). Plaintiff neither filed an amended motion nor provided any supplemental pleading to correct her service deficiencies by the deadline. (*See* Doc. 28.) Now Plaintiff responds to the OSC and cites an "administrative oversight" for the failure to act before the deadline. (Doc. 29.) But this is not the first time the Court has ordered Plaintiff to show cause for why the case should not be dismissed for failure to prosecute. Months ago, Plaintiff also failed to either establish proof of service or move for a clerk's default given Defendants' failure to

respond to the Complaint. (Doc. 21.) In response to that first Order to show cause, Plaintiff again cited an "administrative calendaring error." (Doc. 22, ¶ 7.) While the Court accepted that response the first time (Doc. 25), it declines to do so again.

A court may dismiss a case for failure to prosecute or to comply with any court order. *See* Fed. R. Civ. P. 41(b); *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed . . . by the control necessarily vested in courts to manage their own affairs . . . .").

Here, Plaintiff has exhibited a pattern of failing to prosecute her case and failing to comply with Court orders. (*See* Docs. 21, 28.) Citing administrative oversights is simply insufficient to alleviate the Court's concern over Plaintiff's failure to diligently prosecute this case and adhere to deadlines and orders. So this case is due to be dismissed without prejudice.

While the OSC response was under review, the magistrate judge granted Plaintiff's renewed motion for Clerk's default, which she filed simultaneously with the response to the OSC, and the Clerk entered a default. (*See* Docs. 29–32.) In light of this Order dismissing the case, the Clerk's default is due to be vacated.

Accordingly, it is **ORDERED AND ADJUDGED:**

1.      The OSC (Doc. 28) is **DISCHARGED**.

2.      The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

3.      The Clerk's default (Doc. 32) is **VACATED**.

4.      The Clerk is **DIRECTED** to close this file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 19, 2023.

ROY B. DALTON JR.
United States District Judge